IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FRANCIS GRANDINETTI, #A0185087,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DR. RAVI, M.D., *et al.*,<br><br>　　　　　Defendants. | CIVIL NO. 21-00138 JAO-RT<br><br>DEFICIENCY ORDER |

### **DEFICIENCY ORDER**

　　Plaintiff, a prisoner proceeding pro se, filed a pleading with the Court that was not accompanied by either a filing fee or an Application to Proceed In Forma Pauperis by a Prisoner, and was not on the Court's approved Prisoner Civil Rights Complaint form.

　　A party instituting a civil action, suit, or proceeding in a United States District Court, other than an application for a writ of habeas corpus, must pay a filing fee of $350.00 and an administrative fee of $52.00.  *See* 28 U.S.C. § 1914(a); United States Courts, District Court Miscellaneous Fee Schedule ¶ 14 (effective Dec. 1, 2020), https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule (last visited Mar. 17, 2021).  The administrative fee does not apply to an application for a writ of habeas corpus or to a person who is

granted *in forma pauperis* status under 28 U.S.C. § 1915. An action may only proceed without concurrent payment of the filing fee if the party is granted leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(a); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

An application to proceed *in forma pauperis* by a prisoner requires (1) an affidavit of indigence and (2) a certified copy of the inmate's trust account statement for the six months preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a); *Page v. Torrey*, 201 F.3d 1136, 1139 (9th Cir. 2000). A prisoner must submit trust account statements from each institution where he was confined during the six-month period. *See* 28 U.S.C. § 1915(a)(2).

To assist prisoners in meeting these statutory requirements, the Court requires use of a form application—that is, the "Application to Proceed In Forma Pauperis by a Prisoner." *See* United States District Court District of Hawaii, https://www.hid.uscourts.gov/dsp_accord.cfm (follow "Forms You Need To Complete to File a New Case," then follow "Application To Proceed In Forma Pauperis By a Prisoner (IFP) and Instructions") (last visited Mar. 17, 2021). This form includes (1) an affidavit of indigence (for completion by the prisoner), (2) a financial certificate and consent to collection of fees (for completion by the prisoner), and (3) a certificate (for completion by the warden or other appropriate officer of the institution in which the prisoner is confined). *See id.* The form also

reminds the authorized officer to attach a copy of the prisoner's prison trust account balance statement showing transactions for the preceding six months. *See id.*

If a prisoner is granted leave to proceed *in forma pauperis*, the Court will assess an initial partial filing fee of twenty percent of either the average monthly deposits or the average monthly balance in the prisoner's account, whichever is greater. *See* 28 U.S.C. § 1915(b)(1); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016). An initial partial filing fee will only be collected when funds exist. *See* 28 U.S.C. § 1915(b)(1). The balance of the $350.00 filing fee will be collected in monthly payments of twenty percent of the preceding month's income credited to the prisoner's account, each time the amount in the account exceeds $10.00. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84. These payments continue until the filing fee is paid in full. *See* 28 U.S.C. § 1915(b)(2). The initial partial filing fee and the subsequent monthly installment payments are assessed on a per-case basis. *See Bruce*, 577 U.S. at 84. Thus, filing fees associated with multiple actions are recouped simultaneously, not sequentially. *See id.* at 87.

Plaintiff is DIRECTED either to pay the statutory filing fee of $350.00 and the administrative fee of $52.00, or to submit a fully completed Application to Proceed In Forma Pauperis by a Prisoner by **April 14, 2021**. Failure to do so will result in AUTOMATIC DISMISSAL, of this action for failure to prosecute or

otherwise follow a court order. *See* Fed. R. Civ. P. 41(b); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("[C]ourts may dismiss under Rule 41(b) sua sponte . . . under certain circumstances." (citations omitted)); *see also, e.g.*, *Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995) (affirming dismissal of complaint for plaintiff's failure to pay partial filing fee); *In re Perroton*, 958 F.2d 889, 890 (9th Cir. 1992) (affirming dismissal of appeal by pro se litigant for failure to pay required filing fees).

    Plaintiff is also DIRECTED to resubmit his claims at the same time using the Court's approved Prisoner Civil Rights Complaint form. *See* LR 99.2(a) ("All prisoner complaints . . . shall be signed under penalty of perjury and legibly written or typewritten on approved court forms[.]"). "Documents that do not substantially conform to court forms may be stricken or dismissed." *Id.*

    IT IS HEREBY ORDERED that:

    1. The Clerk of Court is DIRECTED to send Plaintiff one copy each of the Court's Application to Proceed In Forma Pauperis by a Prisoner and Prisoner Civil Rights Complaint form.

    2. Plaintiff is GRANTED until **April 14, 2021** to either pay the $402.00 filing fee or submit a completed and executed Application to Proceed In Forma Pauperis by a Prisoner. The application must bear the docket number assigned to this case. Failure to timely file an *in forma pauperis* application or the statutory

filing fee by **April 14, 2021** will result in AUTOMATIC DISMISSAL of this action.

    3.  At the same time, Plaintiff must resubmit his claims on the Court's approved Prisoner Civil Rights Complaint form.

    IT IS SO ORDERED.

    DATED:  Honolulu, Hawai'i, March 17, 2021.



Jill A. Otake
United States District Judge

*Grandinetti v. Ravi, et al.*, Civil No. 21-00138 JAO-RT; DEFICIENCY ORDER