IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FRANCIS GRANDINETTI, #A0185087, <br><br> Plaintiff, <br><br> vs. <br><br> DR. RAVI, M.D., *et al.*, <br><br> Defendants. | CIVIL NO. 21-00138 JAO-RT <br><br> ORDER DENYING SECOND APPLICATION TO PROCEED IN FORMA PAUPERIS BY A PRISONER |

### ORDER DENYING SECOND APPLICATION TO PROCEED IN FORMA PAUPERIS BY A PRISONER

Before the Court is pro se Plaintiff Francis Grandinetti's ("Grandinetti") second Application to Proceed In Forma Pauperis by a Prisoner ("IFP Application"). ECF No. 12. Grandinetti's IFP Application is DENIED as incomplete.

When bringing an action, a prisoner must either pay the $350.00 filing fee and a $52.00 administrative fee in a lump sum or, if granted the privilege of proceeding *in forma pauperis*, pay the $350.00 filing fee incrementally as set forth in 28 U.S.C. § 1915(b). An application to proceed *in forma pauperis* requires an (1) affidavit of indigence and (2) a certified copy of the inmate's trust account statement for the six months preceding the filing of the complaint. *See* 28 U.S.C.

§ 1915(a); *Page v. Torrey*, 201 F.3d 1136, 1139 (9th Cir. 2000).  A prisoner must submit trust account statements from each institution where he was confined during the six-month period.  *See* 28 U.S.C. § 1915(a)(2).

To assist prisoners in meeting these statutory requirements, the Court requires use of a form application—that is, the "Application to Proceed In Forma Pauperis by a Prisoner."  *See* United States District Court District of Hawaii, https://www.hid.uscourts.gov/dsp_accord.cfm (follow "Forms You Need to Complete to File a New Case") (last visited May 4, 2021).  This form includes (1) an affidavit of indigence (for completion by the prisoner); (2) a financial certificate and consent to collection of fees (for completion by the prisoner); and (3) a certificate (for completion by the warden or other appropriate officer of the institution in which the prisoner is confined).  *See id.*  The form also reminds the prison official to attach a copy of the prisoner's trust account balance statements for the preceding six months.  *See id.*

If a prisoner is granted leave to proceed *in forma pauperis*, the Court will assess an initial partial filing fee of twenty percent of either the average monthly deposits or the average monthly balance in the prisoner's account, whichever is greater.  *See* 28 U.S.C. § 1915(b)(1); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016).  An initial partial filing fee will only be collected when funds exist.  *See* 28 U.S.C. § 1915(b)(1).  The balance of the $350.00 filing fee will be collected in monthly

payments of twenty percent of the preceding month's income credited to the prisoner's account, each time the amount in the account exceeds $10.00. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84. These payments continue until the filing fee is paid in full. *See* 28 U.S.C. § 1915(b)(2). The initial partial filing fee and the subsequent monthly installment payments are assessed on a per-case basis. *See Bruce*, 577 U.S. at 84. Thus, filing fees associated with multiple actions are recouped simultaneously, not sequentially. *See id.* at 89–90.

Grandinetti's IFP Application is once again incomplete. Specifically, the IFP Application does not include: (1) a financial certificate and consent to collection of fees;[1] (2) a certificate (for completion by the warden or other appropriate officer of the institution in which the prisoner is confined); and (3) copies of Grandinetti's trust account balance statements for the preceding six months. *See* ECF No. 12.

Grandinetti is again DIRECTED to submit a complete Application to Proceed In Forma Pauperis by a Prisoner that also includes: (1) certification by prison officials of the amount currently in his prison account; (2) an account statement for the preceding six months showing all deposits and withdrawals to

---

[1] Although the IFP Application appears to include the second page of the court's approved form, the top half of that page is obstructed by an "HCF Inmate Request Form." *See* ECF No. 12 at 2.

Grandinetti's account during that period; and (3) Grandinetti's consent to the withdrawal of funds from his account.

Failure to pay the filing fee or submit a complete application on or before **June 3, 2021**, will result in automatic dismissal of this suit without prejudice. *See* Fed. R. Civ. P. 41(b); *see also Olivares v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995). The Court will take no action on any pending or future filings in this action until Grandinetti pays the filing fee or is granted IFP status.

The Clerk is DIRECTED to send Grandinetti an Application to Proceed In Forma Pauperis by a Prisoner so that he can comply with this Order.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, May 4, 2021.

Jill A. Otake
United States District Judge

*Grandinetti v. Ravi, et al.*, Civil No. 21-00138 JAO-RT; ORDER DENYING SECOND APPLICATION TO PROCEED IN FORMA PAUPERIS BY A PRISONER

4