IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FRANCIS GRANDINETTI, | CIVIL NO. 21-00138 JAO-RT |
| Plaintiff, | ORDER DISMISSING ACTION |
| vs. | |
| DR. RAVI, *et al.*, | |
| Defendants. | |

**ORDER DISMISSING ACTION**

Pro se Plaintiff Francis Grandinetti ("Plaintiff") commenced this action on March 15, 2021. ECF No. 1. On May 24, 2021, the Court issued an Order Denying Third Application to Proceed In Forma Pauperis by a Prisoner. ECF No. 15. The Court directed Plaintiff to submit the $402.00 civil filing fee and administrative fee required to commence this action on or before June 23, 2021. *Id.* at 3. The Court warned Plaintiff that a failure to pay the fee by the June 23, 2021 deadline would result in automatic dismissal of this action without prejudice. *Id.*

On June 29, 2021, in response to a motion filed by Plaintiff, the Court extended the June 23, 2021 deadline until July 23, 2021. ECF No. 18. The Court

also warned Plaintiff that a failure to pay the fee by the new deadline would result in automatic dismissal of this action without prejudice. *Id.*

On July 16, 2021, in response to a second motion filed by Plaintiff, the Court issued an Entering Order further extending the deadline until August 23, 2021. ECF No. 21. Once more, the Court warned Plaintiff that a failure to pay the fee by the August 23, 2021 deadline would result in automatic dismissal of this action without prejudice. *Id.* It appears that Plaintiff received the July 16, 2021 Entering Order because it was not returned to the Court as undeliverable.[1] Plaintiff failed to pay the $402.00 fee by the August 23, 2021 deadline.

A district court may dismiss *sua sponte* an action for failure to comply with court rules or orders or to prosecute the action. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). In determining whether

---

[1] On August 9, 2021, the Court issued another Entering Order reminding Plaintiff that the $402.00 fee was due on or before August 23, 2021. ECF No. 24. It appears that Plaintiff did not receive the August 9, 2021 Entering Order, however, because it was returned to the Court as undeliverable on August 16, 2021. ECF No. 25. By then, Plaintiff was no longer incarcerated at his address of record, the Hawaii Community Correctional Center. *See* Hawaii SAVIN, https://www.vinelink.com/classic/#/home/site/50000 (select "Find an Offender"; then enter "Grandinetti" in "Last Name" field and "Francis" in "First Name" field) (last visited Sept. 3, 2021). Plaintiff has not provided an updated mailing address to the Court. *See* LR83.1(e) ("[A] self-represented litigant whose . . . physical mailing address . . . changes while appearing in any pending case must file with the court . . . in all pending cases a Notice of Change of Address within fourteen (14) days[.]").

dismissal is appropriate, district courts consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006).

Given Plaintiff's failure to pay the $402.00 fee associated with this action by the August 23, 2021 deadline, the Court finds that the relevant factors support dismissal of this action. The public's interest in expeditious resolution of this litigation strongly favors dismissal, as does the court's need to manage its docket. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). Moreover, there is no risk of prejudice to the Defendants. Finally, there are currently no less drastic alternatives available. The Court recognizes that the public policy favoring disposition of cases on their merits weighs against dismissal. Nevertheless, considering the totality of the circumstances and because the other factors favor dismissal, this factor is outweighed.

//
//
//
//
//

## CONCLUSION

(1) In accordance with the foregoing, this action is HEREBY DISMISSED without prejudice.

(2) The Clerk is DIRECTED to ENTER JUDGMENT and close the file.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai'i, September 3, 2021.



Jill A. Otake
United States District Judge

Civil No. 21-00138 JAO-RT, *Grandinetti v. Ravi*; Order Dismissing Action